NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ELMER R. CALDWELL,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2013-7106

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-3431, Judge Coral Wong Pietsch.

---

Decided: November 12, 2013

---

ELMER R. CALDWELL, of Union City, Tennessee, pro se.

NICHOLAS JABBOUR, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARIAN E. SULLIVAN, Assistant Director. Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, and AMANDA R. BLACKMON, Attorney,

United States Department of Veterans Affairs, of Washington, DC.

———————————

Before DYK, MAYER, and CHEN, *Circuit Judges.*

PER CURIAM.

Elmer R. Caldwell appeals a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"). The Veterans Court affirmed a decision of the Board of Veterans' Appeals ("Board") denying his claim for disability compensation based on arthritis in his foot and toe. We dismiss the appeal for lack of jurisdiction.

BACKGROUND

Caldwell served in the United States Army from March 1984 to March 1986. On one occasion during service, Caldwell sought treatment for possible frostbite, reporting to a physician that his feet had become cold and numb after being out in the field at night. The physician found no signs of frostbite, and Caldwell did not seek further treatment. In a physical examination conducted at the time of his discharge from service in 1986, Caldwell indicated that he was not then experiencing any difficulties with his feet.

In August 2006, Caldwell filed a claim for compensation with the Regional Office of the Department of Veterans Affairs ("RO"), alleging that he was suffering from arthritis in his left foot and big toe due to his exposure to cold during service. Caldwell alleged that, when he sought treatment during service, the treating physician told him he did not have frostbite but "was as close as possible without being frostbitten." JA 12 (internal quotation marks omitted). Caldwell also alleged that the treating physician told him he would "always have problems with his feet." *Id.* (internal quotation marks omitted). The RO

denied Caldwell's claim, finding that the medical evidence failed to establish service connection.

On appeal, the Board remanded for a further physical examination to determine the cause of Caldwell's left foot/toe condition.[1] The Veterans Administration orthopedic examiner noted that hallux rigidus, an arthritic condition, was present but found "no evidence of cutaneous neurologic or vascular injury to his foot, which is what [one] would expect to see if [Caldwell] had a permanent dysfunction from frostbite, which he states was the injury." JA 13 (internal quotation marks omitted). The examiner also noted that Caldwell had experienced a stroke and heart attack in 2003, which caused him to be dependent on his left leg for mobility. The examiner opined that this overdependence on his left leg could have exacerbated Caldwell's existing arthritis. After receiving the examiner's report, the Board affirmed the RO's denial of Caldwell's application for benefits. The Veterans Court affirmed the Board. Caldwell appeals.

## DISCUSSION

Our jurisdiction and review of appeals from Veterans Court decisions are strictly limited by statute. Under 38 U.S.C. § 7292(c), we have jurisdiction to hear challenges to the validity of statutes, regulations, and interpretations thereof relating to veterans' claims, and "to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." We are instructed to decide "all relevant questions of law, including inter-

---

[1] The Board also concluded that Caldwell was raising for the first time a claim of post-traumatic stress disorder ("PTSD"), which it remanded to the RO for consideration in the first instance. We do not address the PTSD claim because Caldwell does not pursue it in this appeal.

preting constitutional and statutory provisions," and to "hold unlawful and set aside any regulation or any interpretation thereof" that we find to be "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." § 7292(d)(1). But we are prohibited from reviewing challenges to "factual determination[s]" except to the extent that a constitutional issue is presented. § 7292(d)(2).

Caldwell's pro se brief indicates that the Veterans Court's decision "involve[d] the validity or interpretation of a statute or regulation," Appellant's Br. at 1, but no such issue was in the Veterans Court's decision, which declined to set aside the Board's factual determinations. On appeal Caldwell requests that we "review the evidence" and address "procedural errors and violations." Reply Br. at 1. Reviewing the evidence is beyond our jurisdiction, and we see no substantial allegation of procedural errors or violations. We must dismiss the appeal for lack of jurisdiction.

## DISMISSED

### COSTS

No costs.